UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

WILHELM SCHALAUDEK and HUTMAN
TABTI,

    Plaintiffs,　　　　　　　　　　　　　　　　Index No. _____/____

        -against-　　　　　　　　　　　　　　　　　COMPLAINT

CHATEAU 20TH STREET LLC,　　　　　　　　　　　JURY DEMAND
DUAL GROUPE ENTERTAINMENT, LLC,
DUAL GROUPE, LLC, MICHAEL
WAINSTEIN, PHILIPPE O. BONDON,
DEREK KOCH and DANIEL KOCH,

    Defendants,

--------------------------------------------------------x

    The plaintiffs, through their counsel, David Pernas, for their complaint against the defendants hereby allege the following in support of their claim:

## NATURE OF THE ACTION

    1.    This is an action by the plaintiffs to recover money damages resulting from the defendants' systematic and intentional violations of the Fair Labor Standards Act and New York State Labor Law for withholding unpaid wages and tips from their employees.

## JURISDICTION AND VENUE

    2.    Jurisdiction of this action is conferred upon the Court by the Fair Labor Standards Act, 29 U.S.C. § 216(b), and further by 28 U.S.C. §§1331 and 1337.

    3.    Jurisdiction over all other claims is within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391. The parties reside where set forth herein. A substantial part of the events or omissions giving rise to the claims alleged herein occurred in the judicial district of this Court.

## PARTIES

5. The plaintiff Wilhelm Schalaudek was at all relevant times a resident of Kings County.

6. The plaintiff Hutman Tabti is and was at all relevant times a resident of New York County.

7. Upon information and belief, the defendant Michael Wainstein is and was at all relevant times a resident of New York County.

8. Upon information and belief, the defendant Philippe O. Bondon is and was at all relevant times a resident of New York County.

9. Upon information and belief, the defendant Derek Koch is and was at all relevant times a resident of New York County.

10. Upon information and belief, the defendant Daniel Koch is and was at all relevant times a resident of New York County.

11. Defendant Chateau 20th Street LLC, is and was at all relevant times a New York limited liability company with its office in New York County.

12. Defendant Dual Groupe Entertainment LLC, is and was at all relevant times a New York limited liability company with its office in New York County.

13. Defendant Dual Groupe, LLC, is and was at all relevant times a New York limited liability company with its office in New York County.

## ALLEGATIONS COMMON TO ALL COUNTS

14. At all relevant times, the defendants' business consisted of a full-service restaurant doing business as Chateau Cherbuliez located at 47 West 20th Street, New York, New York, and hosting events in and out of the restaurant.

15. Upon information and belief, at all relevant times, Michael Wainstein was an owner, shareholder, officer and/or manager of the defendants' business.

16. Upon information and belief, at all relevant times, Michael Wainstein was an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiffs, and acted directly or indirectly in the interest of an employer.

17. Upon information and belief, at all relevant times, Michael Wainstein had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

18. Upon information and belief, at all relevant times, Philippe O. Bondon was an owner, shareholder, officer and/or manager of the defendants' business.

19. Upon information and belief, at all relevant times, Philippe O. Bondon was an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiffs, and acted directly or indirectly in the interest of an employer.

20. Upon information and belief, at all relevant times, Philippe O. Bondon had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

21. Upon information and belief, at all relevant times, Derek Koch was an owner, shareholder, officer and/or manager of the defendants' business.

22. Upon information and belief, at all relevant times, Derek Koch was an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiffs, and acted directly or indirectly in the interest of an employer.

23. Upon information and belief, at all relevant times, Derek Koch had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

24. Upon information and belief, at all relevant times, Daniel Koch was an owner, shareholder, officer and/or manager of the defendants' business.

25. Upon information and belief, at all relevant times, Daniel Koch was an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiffs, and acted directly or indirectly in the interest of an employer.

26. Upon information and belief, at all relevant times, Daniel Koch had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

27. The defendants are associated and are joint employers, act in the interest of each other with respect to the employees of the defendants, have common policies and practices as to wages and hours, and share control over the defendants' employees.

28. The defendants employed Wilhelm Schalaudek approximately from January 2013 to July 2013.

29. The defendants employed Wilhelm Schalaudek as a server.

30. The defendants paid Wilhelm Schalaudek approximately $5.00 per hour.

31. The defendants willfully withheld wages and tips from Wilhelm Schalaudek for at least eight workweeks.

32. The defendants employed Hutman Tabti approximately from July 2013 to December 2013.

33. The defendants employed Hutman Tabti as a server.

34. The defendants paid Hutman Tabti approximately $5.00 per hour.

35. The defendants willfully withheld wages and tips from Hutman Tabti for at least twenty workweeks.

36. Hutman Tabti worked in excess of forty hours many workweeks, yet the defendants willfully failed to ever pay him overtime compensation of one and one-half times his regular rate of pay.

37. The defendants employed the plaintiffs for special events often promoted by defendants such as parties at Chateau Cherbuliez. For example, the plaintiffs worked at a birthday party given by Michael Wainstein for his son. Michael Wainstein personally promised to pay wages and tips to the plaintiffs for working that party, but he failed to do so.

38. For other special events, the defendants charged patrons tips for the services of tipped employees, including the plaintiffs, but failed to pay any such tips to them.

39. Upon information and belief, while the defendants employed the plaintiffs, the defendants failed to post or keep posted notices explaining the minimum wage rights of employees under the Fair Labor Standards Act and New York Labor Law, and the plaintiffs were uninformed of their rights during such times.

40. Records, if any, concerning the amount of tips earned, hours worked by the plaintiffs and the actual compensation paid to the plaintiffs should be in the possession and

custody of the defendants. The plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

41. Because the defendants' violations of the Fair Labor Standards act have been willful, a three-year statute of limitations applies, pursuant to § 225.

FIRST CLAIM FOR RELIEF:
FAIR LABOR STANDARDS ACT

42. The plaintiffs incorporate by reference and reallege paragraphs 1 through 41 as if they were set forth again herein.

43. At all relevant times, the defendants, employers, employed the plaintiffs, employees, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), (e)(1) and (g).

44. The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r).

45. The defendants employed employees at the defendants' place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a)(i).

46. Upon information and belief, at all relevant times, the enterprise of the defendants has had an annual gross volume of sales made or business done not less than of $500,000,

exclusive of separate retail excise taxes, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a)(ii).

47. Therefore, upon information and belief, at all relevant times, the plaintiffs have been employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a).

48. The defendants in many workweeks willfully and repeatedly violated the Fair Labor Standards Act, 29 U.SC. §§ 206 and 215(a)(2) by failing to pay the plaintiffs the minimum wage applicable under the Fair Labor Standards Act, 29 U.S.C. § 206.

49. The defendants in many workweeks willfully and repeatedly violated the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 215(a)(2) by failing to pay Hutman Tabti at a rate not less than one half times the regular rate of pay for work performed in excess of forty hours in a workweek.

50. By 29 U.S.C. § 216(b), the defendants are liable to the plaintiffs for unpaid or underpaid minimum wages, and additionally to Hutman Tabti, overtime compensation.

51. The plaintiffs are further entitled to recover of the defendants an equal amount as liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

52. The defendants failed to post notices of the defendants' employees' rights under the law, required by 29 C.F.R. § 516.4.

53. The foregoing conduct, as alleged, constitutes a willful violation of the Fair Labor Standards Act within the meaning of 29 U.S.C. § 225(a).

SECOND CLAIM FOR RELEIF:
MINIMUM WAGE ACT

54. The plaintiffs incorporate by reference and reallege paragraphs 1 through 53 as if they were set forth again herein.

55. At all relevant times, the defendants, employers, employed the plaintiffs, employees, within the meaning of the New York Labor Law, §§ 2(5)-(7) and 651(5)-(6), and N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-3.2.

56. From July 24, 2009, to December 2013, the applicable minimum wage was $7.25 per hour, pursuant to N.Y. Lab. Law § 652 and N.Y. Comp. Codes R. § Regs. tit. 12, § 146-1.2.

57. The defendants violated Hutman Tabti's rights by failing to pay or underpaying the him overtime compensation at a rate not less than one and one-half times his regular rate of pay for the hours he worked in excess of forty per workweek, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4.

58. The defendants' failure to pay the plaintiffs the foregoing wages is a violation of section 191 of the New York Labor Law.

59. By N.Y. Lab. Law §§ 198(1-a) and 663(1), the defendants are liable to the plaintiffs for unpaid or underpaid minimum wages, and additionally to Hutman Tabti, overtime compensation.

60. The plaintiffs are further entitled to recover from the defendants liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a), and the Minimum Wage Act, N.Y. Lab. Law § 663(1).

## THIRD CLAIM FOR RELIEF:
## FAILURE TO TIMELY PAY WAGES

61. The plaintiffs incorporate by reference and re-allege paragraphs 1 through 60 herein as if fully set forth.

62.     The defendants failed to pay the plaintiffs their wages not later than the regular day for multiple pay periods and hours worked during the plaintiffs' employment, in violation of section 191 of the New York Labor Law.

63.     By N.Y. Lab. Law §§ 191(1-a), the defendants are liable to the plaintiffs for wages not timely paid.

64.     The plaintiffs are further entitled to recover from the defendants liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a).

FOURTH CLAIM FOR RELIEF:
WAGE THEFT PREVENTION ACT

65.     The plaintiffs incorporate by reference and re-allege paragraphs 1 through 64 herein as if fully set forth.

66.     The defendants failed to furnish to the plaintiffs, at the time of hiring, a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; any doing business as names used by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1) and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2.

67.     Due to the defendants' violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1) and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2, the plaintiffs should be awarded of the defendants statutory damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500.00, pursuant to N.Y. Lab. Law § 198(1-b).

68. The defendants failed to furnish the plaintiffs with each wage payment a statement listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked and the number of overtime hours worked; gross wages; deductions; allowances, if an, claimed as part of the minimum wage; and net wages; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.3.

69. Due to the defendants' violation of the Wage Theft Prevention act, N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, §146-2.3, the plaintiffs should be awarded of the defendants statutory damages of $100.00 per workweek that the violation occurred, up to a maximum of $2,500.00, pursuant to N.Y. Lab. Law § 198(1-d).

70. Further, the defendants, including the defendants' officers, agents, employees and those persons in active concert or participation with the defendants, should be permanently enjoined from violating the Wage Theft Prevention Act, § 195(1)-(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)-(1-d).

FIFTH CLAIM FOR RELIEF:
NEW YORK LABOR LAW § 196-d

71. Plaintiffs incorporate by reference and re-allege paragraphs 1 through 70 herein as if fully set forth.

72. The defendants violated New York Labor Law § 196-d by routinely appropriating for themselves a portion, sometimes all, of the tips earned by tipped employees, including the plaintiffs.

73. As a result of the defendants' violation of New York Labor Law § 196-d, the plaintiffs have suffered and continue to suffer.

74. As a result of the defendants' violation of New York Labor Law § 196-d, the plaintiffs are entitled to recover damages to be determined at trial, liquidated damages, prejudgment interest and attorneys' fees.

## SIXTH CLAIM FOR RELIEF:
## DECLARATORY RELIEF

75. The plaintiffs incorporate by reference and re-allege paragraphs 1 through 74 herein as if fully set forth.

76. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and Rule 57 of the Federal Rules of Civil Procedure, the plaintiffs may obtain declaratory relief.

77. The defendants violated the Fair Labor Standards Act, Minimum Wage Act, sections 191 and 196-d of the New York Labor Law, and the Wage Theft Prevention Act.

78. It is in the public interest to have these declarations of rights recorded.

79. A declaratory judgment serves the useful purpose of clarifying and settling the legal issues of this action.

80. A declaratory judgment would terminate and afford relief from uncertainty, insecurity, and controversy giving rise to this action.

PRAYER FOR RELIEF

81. WHEREFORE, the plaintiffs pray for all relief available by law, including the following:

A. A declaratory judgment that the practices complained herein are unlawful under the Fair Labor Standards Act, the Minimum Wage Act, section 191 and 196-d of the New York Labor Law, and the Wage Theft Prevention Act;

B. An award of unpaid or underpaid minimum wages and overtime compensation due under the Fair Labor Standards Act;

C. An award of liquidated damages pursuant to the Fair labor Standards Act, 29 U.S.C. § 216(b);

D. An award of unpaid or underpaid minimum wages, overtime compensation, tips withheld and/or other wages untimely paid, due under the Minimum Wage Act and sections 191 and 196-d of the New York Labor Law;

E. An award of liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a), and the Minimum Wage Act, N.Y. Lab. Law § 663(1);

F. An award of statutory damages for the defendants' violation of the Wage Theft Prevention Act, § 195(1)-(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)-(1-d);

G. A permanent injunction restraining the defendants, including the defendants' officers, agents, employees and those persons in active concert or participation with the defendants, from violating the Wage Theft Prevention Act, § 196(1)-(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)-(1-d);

H. If liquidated damages pursuant to the Fair labor Standards Act, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 18 U.S.C. § 1961.

I. An award of prejudgment interest pursuant to the New York Civil Practice Law and Rules, §§ 5001-02;

J. An award of postjudgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules, § 5003;

K. An award of attorney's fees, costs, and further expenses up to fifty dollars, of this action, pursuant to 29 U.S.C. § 216(b), and N.Y. Lab. Law §§ 198(1)-(2) and 663(1); and

L. Such other and further relief as this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiffs demand a trial by jury all questions of fact raised by the complaint.

LAW OFFICE OF DAVID PERNAS
*Attorney for Plaintiffs*

By: ___/s/ David Pernas_____
David Pernas (DP6409)
dpernaslaw@gmail.com
83 Orchard Street
Bloomfield, N.J. 07003
(646) 620-8040

Dated: January 4, 2016