UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

WILHELM SCHALAUDEK and HUTMAN TABTI,

        Plaintiffs,

    -against-

CHATEAU 20TH STREET LLC,
DUAL GROUPE ENTERTAINMENT, LLC,
DUAL GROUPE, LLC, MICHAEL
WAINSTEIN, PHILIPPE O. BONDON,
DEREK KOCH and DANIEL KOCH,

        Defendants.

------------------------------------------------------------x

Index No. 1:16-cv-11 (WHP)

JOINT PRETIAL ORDER

## [PROPOSED] JOINT PRETIAL ORDER

Pursuant to this Court's June 28, 2016 scheduling order, and all other rules and laws, Plaintiff Wilhelm Schalaudek and Defendants Derek Koch and Daniel Koch in the above-captioned action submit this Joint Pre-Trial Order for the Court's approval. Plaintiff Hutman Tabti shall submit to the Court for its review for fairness a proposed settlement agreement between him and Defendants Derek Koch and Daniel Koch.

    i.    **Contact Information for Trial Counsel:**

Attorney for Plaintiffs

David Pernas
Law Office of David Pernas
83 Orchard Street
Bloomfield, NJ 07003
Tel: (646) 620-8040
dpernaslaw@gmail.com

Defendants Derek Koch and Daniel Koch are appearing *pro se*

Derek Koch

75 Wall Street apt 35K
New York, NY 10005

Daniel Koch
45 Wall Street apt 1018
New York, NY 10005

### ii.  Subject Matter Jurisdiction:

Jurisdiction of this action is conferred upon the Court by the Fair Labor Standards Act, 29 U.S.C. § 216(b), and further by 28 U.S.C. §§1331 and 1337. The jurisdiction over all other claims is within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367. No party disputes this Court's subject matter jurisdiction.

### iii.  Brief Summary of Claims of Defenses:

*Liability under FLSA and NYLL*

The parties have significantly narrowed the issues remaining for trial. The parties agree that Plaintiff was employed as a server at the restaurant known as "Chateau Cherbuliez" where an amount of his wages and tips from May, June and July 2013 were unlawfully unpaid and withheld in violation of FLSA and NYLL. Plaintiff alleges that the defendants in this action are jointly and severally responsible for his unpaid wages and withheld tips as each was an "employer" within the meaning of 29 U.S.C. §203(d). The FLSA's definition of "employer" contemplates the possibility of several simultaneous employers, any one or all of which may be liable as an employer. An entity "suffers or permits" an individual to work within meaning of FLSA definition of "employ" if, as matter of economic reality, the entity functions as individual's employer. Fair Labor Standards Act of 1938, § 3(g), 29 U.S.C.A. § 203(g). Of the defendants named in this action, only Derek Koch and Daniel Koch have appeared. A motion for a default judgment and inquest on damages was granted on August 23, 2016 against the non-appearing defendants.

Plaintiff alleges that the defendants:

(1) willfully, within the meaning of 29 U.S.C. § 225(a), violated 29 U.SC. §§ 206 and 215(a)(2) by failing to pay the plaintiffs the minimum wage applicable under 29 U.S.C. § 206;

(2) are liable under 29 U.S.C. § 216(b) for liquidated damages;

(3) failed to post notices of employees' rights required by 29 C.F.R. § 516.4;

(4) willfully violated § 191 of NYLL for unpaid wages and untimely wages;

(5) are liable under §§ 198(1-a) and 663(1) of NYLL for liquidated damages;

(6) failed to furnish notices to Plaintiff required under Wage Theft Prevention Act, N.Y. Lab. Law § 195(1) and (3); and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2 and 2.3;

(1) willfully violated § 196-d of NYLL by for retaining Plaintiff's tips;

*Claims and Defenses that remain to be tried*

Accordingly, the following claims and defenses are to be tried:

(1) Whether either Defendants Derek Koch and Daniel Koch was an "employer" of Plaintiff Schalaudek and are therefore jointly and severally liable for his unpaid wages and tips.

(2) Whether the the responsible employers failed to provide required notices pursuant to 29 C.F.R. § 516.4, Wage Theft Prevention Act, N.Y. Lab. Law §§ 195(1) and (3); and N.Y. Comp. Codes R. & Regs. tit. 12, §§ 146-2.2 and 2.3.

(3) Whether the failure to pay Plaintiff Schalaudek wages and tips was willful within the meaning of 29 U.S.C. § 225(a).

(4) Whether Plaintiff Schalaudek was an employee employed by an enterprise engaged in commerce within the meaning of 29 U.S.C. §203.

(5) How many unpaid work hours did Plaintiff Schalaudek suffer and the value of credit card tips that were unlawfully retained by the responsible employers.

### iv. Jury Trial:

Plaintiff has demanded a jury trial of all issues and Defendants accept Plaintiff's demand for a jury trial. Trial in this matter is expected to take two days.

### v. Magistrate Judge:

The parties have not consented to trial of the case by a magistrate judge.

### vi. Stipulations:

Plaintiff and Defendants have entered into the below stipulations of fact. It is hereby stipulated and agreed, by and between the parties, that:

(1) Plaintiff Schalaudek was a non-exempt employee employed as a server at the restaurant Chateau Cherbuliez from January 2013 to July 2013 at the rate of $5 per hour and tips.

(2) The responsible employers failed to pay Plaintiff Schalaudek the New York minimum wage for one or more weeks from May 2013 to July 2013.

(3) The responsible employers illegally retained and failed to distribute tips owed to Plaintiff Schalaudek as a tipped employee for one or more weeks from May 2013 to July 2013.

(4) Defendants Derek Koch and Daniel Koch were managers at Chateau Cherbuliez, including during January 2013 to September 2013, until they were fired by Defendant Michael Wainstein.

(5) Defendants Derek and Daniel Koch are members of Dual Groupe Hospitality LLC, which wholly owns and controls Defendant Chateau 20th Street, LLC.

### vii. Witnesses:

Plaintiff's prospective witness list:

1) Jonathan Franco. He will testify about a range of events alleged in the complaint.
2) Stephen C. Loving-Cortes. He will testify about a range of events alleged in the complaint.

Defendants' prospective witness list:

3) Michelle Rosenblum

### viii. Exhibits

The parties are continuing to meet and confer with regard to their respective exhibit lists and anticipate providing these lists to the Court at the September 16, 2016 Pre-Trial Conference.

### ix. Modification of Order

IT IS ORDERED that the Court may, in order to prevent manifest injustice or for good cause shown, at the trial of the action or prior thereto, upon application of counsel for any party made in good faith, or upon the Court's own motion, modify this Joint Pretrial Order to the extent that the Court may deem such modification to be just and proper.

Dated: September 12, 2016

*[signature]*

David Pernas
Law Office of David Pernas
83 Orchard Street
Bloomfield, NJ 07003
Tel: (646) 620-8040
dpernaslaw@gmail.com

*[signature]*

Derek M. Koch
75 Wall Street apt 35K
New York, NY 10005

*[signature]*

Daniel Koch
45 Wall Street apt 1018
New York, NY 10005

**IT IS SO ORDERED:**

_____
Honorable William H. Pauley III
United States District Judge


Dated: _____