UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------
WILHELM SCHALAUDEK, *et ano.*,

        Plaintiffs,

        -against-

CHATEAU 20TH STREET LLC, *et al.*,

        Defendants.
---------------------------------------------

16cv11

AMENDED ORDER

WILLIAM H. PAULEY III, District Judge:

      Plaintiffs Wilhelm Schalaudek and Hutman Tabti bring this wage-and-hour action under the Fair Labor Standards Act ("FLSA") and New York State Labor Law ("NYLL") against Defendants Chateau 20th Street LLC, Dual Groupe Entertainment LLC, Dual Groupe LLC, Michael Wainstein, Philippe O. Bondon, Derek Koch, and Daniel Koch. On August 23, 2016 this Court entered a default judgment against four defendants—Dual Groupe Entertainment, Dual Groupe LLC, Wainstein, and Bondon (the "Defaulting Defendants")—and referred the matter to Magistrate Judge James L. Cott for a damages inquest. (See ECF NO. 37–38.) On February 24, 2017 Magistrate Judge Cott issued his Report and Recommendation to this Court, recommending awards in the amount of $24,327.64 and $35,675 (plus prejudgment interest) to Schalaudek and Tabti, respectively. Plaintiffs raise a single objection to the Report and Recommendation, seeking to clarify that the Defaulting Defendants are jointly and severally liable for these awards.

      A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In reviewing the portions of the Report and Recommendation that are not objected to, the court "need only satisfy itself that there is no clear error on the face of the record." Simms v. Graham, No. 09-CV-1059, 2011 WL 6072400, at *1 (S.D.N.Y. Dec. 6, 2011). "Courts review de novo those parts of a

report and recommendation to which the objections are made." <u>Mulosmanaj v. Colvin</u>, No. 14-CV-6122, 2016 WL 4775613, at *2.

This Court has reviewed Magistrate Judge Cott's thorough and well-reasoned Report and Recommendation, and finds that it is not erroneous on its face. <u>See</u> 28 U.S.C. § 636(b)(1)(C). Plaintiff's lone objection is also well-taken. Defendants who qualify as employers under the FLSA or NYLL are jointly and severally liable for damages awarded under those statutes. <u>See</u> <u>Moon v. Kwon</u>, 248 F. Supp. 2d 201, 237 (S.D.N.Y. 2002). Because Magistrate Judge Cott found that the Defaulting Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL—a finding that this Court hereby adopts—the Defaulting Defendants are jointly and severally liable to Plaintiffs. (<u>See</u> Report & Recommendation, ECF No. 55, at 6.

Accordingly, this Court modifies the Report and Recommendation to hold that the Defaulting Defendants are jointly and severally liable for the damages awarded therein, and otherwise adopts the Report and Recommendation in its entirety. The Clerk of Court is directed to mail a copy of this Order to <u>pro se</u> Defendants Derek Koch and Daniel Koch and note service on the docket.

Dated: May 11, 2017
     New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.